IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

ROBERT BILLSTEIN, SR,
individually and as trustee for
the Robert A Billstein Revocable
Trust, and ROBERT BILLSTEIN, JR.,
individually and as trustee for various trusts,
      Plaintiffs,                                     Case No. 08-13415
                                                            Hon. Anna Diggs Taylor
v.                                                              Magistrate Judge Steven D. Pepe

MARK GOODMAN, individually
and as trustee for various trusts,
GARY GOODMAN, individually,
and as trustee for various trusts,
TERI LEE GOODMAN, as trustee
for the Teri Lee Goodman Revocable
Trust, and ENID GOODMAN as trustee
for the Enid Goodman RevocableTrust,
and HERCULES DRAWN STEELCORPORATION,
a Michigan corporation, jointly and severally,
      Defendants.
_____/

**ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL
RESPONSES TO THIRD PARTY SUBPOENAS (Dkt. # 34)**

On April 8, 2009, Plaintiffs filed their motion to compel responses to third party subpoenas. (Dkt. # 34) After an adjourned hearing, a telephonic hearing was held on this Motion on June 30, 2009.

By way of background, Hercules Drawn Steel ("Hercules") is a steel processing facility, located in Livonia, Michigan, which processes hot rolled steel into cold drawn steel bars. Defendants Mark and Gary Goodman are officers and directors of Hercules and own or control 75% of Hercules stock whereas Plaintiffs own 25%. The Goodmans also own a series of other companies that do business with Hercules discussed below. Eaton Steel, which sells hot roll

1

steel bars, does not directly compete with Hercules.  Indeed it provides storage, metal cutting, shearing and various other services to Hercules related to the latter's cold drawn steel bars.  Eaton Steel and a sister company, Eaton Steel Bar, have a sales force that sells for Eaton Steel and also sells Hercules' products on a commission basis.  Atlas Trucking Co. ("Atlas") and Atlas Logistics deliver both the Eaton Steel and the Hercules products sold by the Eaton Steel Bar salespeople.  Atlas, which is wholly owned by the Goodman family, ships most of Hercules' inbound and outbound product.  Titan Metallurgy, Inc. ("Titan") is a certified metallurgical lab which is located at Eaton Steel's facility.  Titan now does most of the metallurgical testing for Hercules as well as Eaton Steel.  Prior to that time, Hercules had a small metallurgical lab, but the significant majority of Hercules metallurgical analysis and die reprocessing was performed by an outside vendor.  The Goodman Defendants own controlling interest in Eaton Steel, Eaton Steel Bar, Atlas, and Titan, which for identification will be described as the Goodman -Third Parties, because none of these entities are defendants in this litigation.  Again, these Goodman -Third Parties – Eaton Steel, Eaton Steel Bar, Atlas, and Titan – provide storage, steel cutting/shearing, sales, metallurgical testing and shipping for Hercules.

Plaintiffs claim that the Goodman defendants, who control the operation of both Hercules as well as the Goodman -Third Parties, usurped corporate opportunities via transactions between Hercules and the Goodman -Third Parties.  It appears that the claim relates to excessive charges for the various services, and having Hercules forego seeking these services on more competitive terms from other third-parties not controlled by the Goodmans or allowing Hercules to internalize the service at lower total costs.  Plaintiff assert that the Goodmans have enriched some or all of the Goodman -Third Parties and the expense of Hercules and its minority shareholders, the Plaintiffs.

Plaintiffs served supboenas on the Goodman -Third Parties seeking financial information and documents relating to transactions between the various Goodman -Third Parties. Defendants and the Goodman -Third Parties have objected to producing most of the information requested except for information on transactions between the Goodman -Third Parties and Hercules.

In a related motion for a protective order filed by Defendants, Magistrate Judge Whalen on June 23, 2009, granted the Defendants' motion to the extent Plaintiffs sought information regarding the transactions between the Goodman -Third Parties and other third parties in which the Goodmans have no financial interest or control (¶ 3 of Dkt. #59).

Plaintiffs assert that the Goodman Defendants have diverted a corporate business opportunity for their own personal gain and to the detriment of Hercules and its minority shoreholders/Plaintiffs. *Production Finishing Corp. v. Shields,* 158 Mich.App. 479, 405 N.W.2d 171 (Mich.App.1987).[1] Defendants assert that discovery related to this claim is inappropriate because none of the Goodman -Third Parties are "in the line of the [Hercules'] business" as required for this cause of action. *See e.g. SCD Chemical Distributors, Inc. v. Medley,* 512 N.W.2d 86, 90 (Mich. Ct. App. 1994) (denying claim defendant diverted corporate opportunities because

---

[1] *Production Finishing Corp. v. Shields*, 405 N.W.2d 171, 174 (Mich. Ct. App. 1987)(quoting 18B AM. JUR. 2D, CORPORATIONS, § 1770, pp. 623-624):

> A corporate officer or director is under a fiduciary obligation not to divert a corporate business opportunity for his own personal gain. The rule is that if there is presented to a corporate officer or director a business opportunity which the corporation is financially able to undertake which is, from its nature, in the line of the corporation's business and is of practical advantage to it, and which is one in which the corporation has an interest or a reasonable expectancy, and if, by embracing the opportunity, the self interest of the officer or director will be brought into conflict with that of this corporation, the law will not permit him to seize the opportunity for himself. If he does, the corporation may claim the benefit of the transaction.

3

the alleged victim entity sold various chemical products, such as cleaners, lubricants, and satirizers, to the food industry whereas the defendant corporation sold a mold release to automotive companies and apparently the two companies did not have any of the same employees).  While it is unclear if there are any overlapping employees between Hercules and the Goodman -Third Parties, Plaintiffs clearly allege overlapping control by the Goodman Defendants.  Also, Defendants have not cited any cases exactly on point where the opportunity the victim entity is asserting is "in the line of the corporation's business" includes related services essential to the victim entity's ability to carry out its core business.  Plaintiff asserts that Hercules is being deprived of the ability to internalize the various services essential to its core business instead of outsourcing them for the benefits of Goodman -Third Parties and the Goodman Defendants.  Basically Plaintiffs claims that these related essential services are sufficiently "in the line of the Hercules' business" to allow this claim to proceed.  While this question will ultimately have to be determined by District Judge Taylor, it seems inappropriate to turn a discovery motion into a summary judgment motion by depriving Plaintiffs of evidence that may be critical to their making a thorough and forceful argument on this legal issue at the summary judgment stage.

     Accordingly,  Plaintiffs' motion to compel responses to those subpoenas is **GRANTED IN PART.**

     1.     Eaton Steel Bar employs a sales force that performs sales for Hercules and for Eaton Steel Company on a commission basis.  Atlas Trucking ships Hercules and Eaton Steel Company  products, and Titan Metallurgy performs metallurgical testing for Hercules and for Eaton Steel Company.  Plaintiffs seek information on commissions Eaton Steel Bar charged Eaton Steel Company, and prices Titan Metallurgy and Atlas Trucking charged Eaton Steel

Company as relevant to the issue of whether commissions and prices charged Hercules were fair. While this is not the only evidence relevant to this issue, the information Plaintiffs seek is sufficiently calculated to lead to the discovery of admissible evidence on Plaintiffs' claim that defendants utilized Eaton Steel Bar, Atlas Trucking and Titan Metallurgy to syphon away profits from Hercules through unfair transactions, to make it discoverable on a limited basis.  Eaton Steel Bar, Atlas Trucking and Titan Metallurgy shall therefore produce a random sampling of sales, services and commissions data charged Eaton Steel Company for the past six years for transactions similar in nature to transactions with Hercules, subject to ¶ 4.

  2. Eaton Steel Company processes Hercules products for a fee.  Similarly, Eaton Steel stores Hercules products for a fee.  Eaton Steel Company does not charge itself for similar services and storage of its own product. While a discrete random sampling of prices Eaton Steel Company might charge for similar metal cutting, shearing and other services or storage it provides third parties not owned in part by the Goodman Defendants would seem potentially relevant if there are such third party transactions, that discovery seems to be precluded by paragraph three of Judge Whalen's June 23rd order.[2]  Thus, Plaintiff will need to look to other sources to determine whether Eaton Steel Company metal processing and storage fees charged to Hercules are fair and reasonable.

  3. Plaintiffs also seek six years of financial statements, tax returns and FIN 46R forms.  Plaintiffs claim these forms will enable their experts to determine the extent to which

---

[2] That order is the law of the case, and while the period for objections under 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2) and the three days added under Fed. R. Civ. P. 6(d) and Local Electronic Filing Policies and Procedures R. 15(b) would not appear to have run until July 13, and Plaintiffs' counsel indicated objections would be filed, the undersigned has no authority to modify the order.

Defendants profited from businesses that could have been performed by Hercules.  Plaintiffs argue that this data will help them show that Hercules could have internalized these services and realized greater profits.  In addition Plaintiffs claim this data will reveal evidence of the profits that Defendants should have to disgorge in the event Plaintiffs prevail.  While Defendants argue that none of the Goodman Third Parties are in the same line of business as Hercules, this again is a issue not so clearly established to preclude discovery into claims that remain viable at this time.  Each of the Goodman Third Parties shall produce this information subject to ¶ 4.

     4.     Defendants note that all the discovery requested is highly sensitive business information.  Information produced pursuant to these subpoenas shall therefore be treated as confidential and shall be produced subject to a protective order limiting its disclosure, copying and use to Plaintiffs' counsel and any appropriate expert who signs and agrees to be bound by the protective order, absent further order of this court.

     5.     Plaintiffs' motion to compel responses to third party subpoenas is **DENIED** in all other respects.

     6.     All discovery ordered to be produced pursuant to this Order shall be served on Plaintiffs within 30 days.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2) and the three days added under Fed.R.Civ.P. 6(d) and Local Electronic Filing Policies and Procedures R. 15(b).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

**SO ORDERED.**

Dated: July 2, 2009                 s:/Steven D. Pepe
Ann Arbor, Michigan              United States Magistrate Judge

Certificate of Service

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 2, 2009.

                s/Jermaine Creary

                Interim Case Manager