UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BILLSTEIN, SR., et.al.,           No. 08-13415

        Plaintiffs,           District Judge Arthur J. Tarnow

v.           Magistrate Judge R. Steven Whalen

MARK GOODMAN, et.al.,

        Defendants.
_____/

## ORDER DENYING RECONSIDERATION

On August 31, 2010, I entered an order granting in part and denying in part Plaintiff's "Motion to Compel Intercompany Transaction and Financial Accounting Documents Going Back to 1996 Based on Fraudulent Concealment of Defendants" [*Order*, Docket #274]. Before the Court is Plaintiff's motion for reconsideration of that Order [Docket #282].

On September 16, 2010, I ordered Defendants to respond to the motion for reconsideration. Having now reviewed the motion, the response, and Plaintiff's reply, the motion for reconsideration is DENIED.

Motions for reconsideration are subject to E.D. Mich. L.R. 7.1(g)(3), which provides:

> "(3) *Grounds*. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case."

In my August 31, 2010 Order [Docket #274], I rejected Plaintiff's request for financial documentation going back to 1996, and ordered a limited sampling of invoices that Eaton Steel Bar Company sent to purchasers of Hercules steel. My Order directed the production of the following:

     1. The Goodman Defendants' personal financial statements and tax returns going back to 1998;

     2. The related company financial statements and tax returns going back to 1998; and

3. A sampling of invoices that Eaton Steel Bar Company sent to end purchasers of Hercules steel going back to 1996. The sampling will consist of one day's invoices for each year going back to 1996, with the same day being sampled for each year.

On the same day, I entered two other discovery orders. I denied Plaintiff's motion to compel the non-party deposition of Mark Gregory [Docket #272], and I granted Plaintiff's motion to compel the production of certain non-privileged emails [Docket #273]. The Plaintiff bases his motion for reconsideration on a single email that was disclosed pursuant to this latter order, specifically a July 18, 2003 email from Glenn Huber, the Hercules Vice President of Finance, to Mark Goodman, purporting to show a profit to Eaton of 50% of the commission charged to Defendants. Plaintiff argues that this profit margin is inconsistent with Defendants' previous representations that Eaton earned only a "modest" profit, and concludes as follows:

> "Given Defendants' pattern of misrepresentation associated with the commissions, as articulated above, they should be entitled to no deference on documentation relating to commission structures and profit margins, and the previously entered order limiting the financial information to 1998 and the invoices to a one day sampling should be reconsidered." *Plaintiff's Brief*, p.10.

My August 31, 2010 Order was not the first that this Court limited the temporal scope of Plaintiff's discovery requests. On June 23, 2009, I ordered Defendants to "answer and/or supplement...interrogatories for the time period extending back to six years prior to the filing of the complaint in this case." [Docket #59]. On July 2, 2009, Magistrate Judge Pepe considered Plaintiff's discovery requests regarding Eaton Steel Bar's commissions claimed to be "relevant to the issue of whether commissions and prices charged Hercules were fair." Finding that the requested information on commissions was "discoverable on a limited basis," Magistrate Judge Pepe ordered Defendants to produce "a random sampling of sales, services and commissions data charged Eaton Steel Company for the past six years for transactions similar in nature to transactions with Hercules." [Docket #66]. Thus, Plaintiff has at least three previous failed attempts to expand the time frame of its discovery requests.

As to the present motion for reconsideration, the Huber email of July 18, 2003 is hardly the smoking gun that Plaintiff views it to be. That Eaton Steel Bar's profit margin was around

50% is reflected in financial statements that Defendants have provided to Plaintiffs. *See, e.g.*, Defendants' Exhibit C. Moreover, in seeking reconsideration the Plaintiff necessarily asks this Court to make a predicate finding that Defendants fraudulently concealed the commission information. That is the very issue before Judge Tarnow in the Plaintiff's pending motion for summary judgment [Docket #198], and at the hearing on the underlying motion to compel, I expressed my reluctance to preempt Judge Tarnow's ruling on that issue with a discovery order.

If the Plaintiff believes that Mr. Huber's email is strong evidence of fraudulent concealment, then he may seek to supplement his summary judgment motion with that document. But in terms of reconsidering my Order of August 31, 2010, Plaintiff has not met the demanding standard of Local Rule 7.1(g)(3), that is, that there was a palpable defect that has mislead the Court of the parties, or that the revelation of Mr. Huber's email would result in a different disposition of the motion.[1]

Finally, the Plaintiff's request to reconsider the scope of the sampling of invoices presents nothing of any substance that was not considered by the Court when the original order was entered. "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." *Id*.

For these reasons, Plaintiff's Motion for Reconsideration [Docket #282] is DENIED.

SO ORDERED.

                            s/R. Steven Whalen
                            R. STEVEN WHALEN
                            UNITED STATES MAGISTRATE JUDGE

Date: October 25, 2010

---

[1] In his reply brief, p.3 [Docket #288], the Plaintiff for the first time suggests that "the Court should revisit the issue of whether a forensic examination [of Defendants' computer] is appropriate." However, the Court cannot consider issues raised for the first time in a reply brief. *Lexicon, Inc. v. Safeco Ins. Co. of America, Inc.,* 436 F.3d 662, 676 (6th Cir.2006) (a district court properly declines to consider an issue raised for the first time in a reply brief) ( *citing Sundberg v. Keller Ladder,* 189 F.Supp.2d 671, 682-83 (E.D.Mich.2002) (noting, in the context of summary judgment, "it is not the office of a reply brief to raise issues for the first time") (citation omitted))."

## CERTIFICATE OF SERVICE

I hereby certify on October 25, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on October 25, 2010: **None.**

                                                      s/Michael E. Lang
                                                     Deputy Clerk to
                                                     Magistrate Judge R. Steven Whalen
                                                     (313) 234-5217