UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT A. BILLSTEIN SENIOR et al.,                    Case Number: 08-13415

        Plaintiffs,                                           Honorable Arthur J. Tarnow

v.

MARK GOODMAN et al.,

        Defendants.
                                      /

### ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL RELIEF [480]

Before the Court is Defendants' Motion for Partial Relief from June 14, 2011 Order Pursuant to Rule 60(b)(6) or, in the Alternative, for Certification to the Sixth Circuit Pursuant to 28 U.S.C. § 1292(b) [480]. Plaintiffs' filed a Response [483]. Defendants did not file a Reply. Defendants bring their motion as a 60(b) motion, when in fact, it is more accurately described as an untimely motion for reconsideration of Defendants' Motion for Reconsideration [466].

The instant motion arises from this Court's June 14, 2011 Order [454] holding that MCL 450.1489(f) is a statute of limitations and not a statute of repose. Defendants filed a Motion for Reconsideration [461] of that Order on June 30, 2011. On July 27, 2011 the Court issued an Order Denying Defendants' Motion for Reconsideration [466]. On November 17, 2011, the United States Court of Appeals for the Sixth Circuit denied Defendants' petition for permission to appeal the unfavorable decision. Dkt. [473].

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Defendants cite a Sixth Circuit decision as a reason to review this Court's June 14, 2011 Order [454]. Defendants argue that *Morrison v. B. Braun Med. Inc.*, 663 F.3d 251 (6th Cir. 2011) warrants relief.

The only part of the opinion cited in Defendants' Motion is a sentence from a footnote in the case, which is a reference to two Sixth Circuit opinions from 1999 and 1984. *Morrison*, 663 F.3d at 257 ("Decisions by the Michigan Court of Appeals are binding authority where the Michigan Supreme Court has never addressed the issue decided therein. *Hampton v. United States*, 191 F.3d 695, 702 (6th Cir. 1999) (quoting *Wieczorek v. Volkswagenwerk*, 731 F.2d 309, 310 (6th Cir. 1984)) . . . .").

The *Morrison* case adds nothing new that was not available at the time the Court issued Order [454] or that would warrant the relief Defendants request. *Morrison* does not change the fact that no Michigan court has ever held that MCL 450.1489(1)(f) is a statute of repose, that the plain language of MCL 450.1489(1)(f) is clear, or that the case on which Defendants rely has been overruled. *See Baks v. Moroun*, 576 N.W.2d 416 (Mich. App. 1998). The arguments raised by Defendants are the same arguments that this Court has repeatedly rejected. Defendants have no grounds for the relief they seek. *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 384 (6th Cir. 2001) ("Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations . . . .").

In the alternative, Defendants seek certification of this issue for appeal to the Sixth Circuit pursuant to 28 U.S.C. § 1292(b). Defs.' Mot. [480], at 3. The statute provides that:

> (b) When a district judge, in making a civil action an order not otherwise appealable under this section, shall be of the opinion that such an order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order . . . .

28 U.S.C. § 1292(b).

This Court does not agree that there is a "substantial ground for a difference of opinion" or

that an appeal "would advance the ultimate termination of the litigation." *Id.* Defendants' request for § 1292(b) certification consists of a series of conclusions lacking support. The request is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Partial Relief from June 14, 2011 Order [480] is **DENIED**.

**SO ORDERED**.

|  |  |
|---|---|
|  | s/Arthur J. Tarnow |
|  | Arthur J. Tarnow |
| Dated: March 26, 2012 | Senior United States District Judge |

---

### CERTIFICATE OF SERVICE

I hereby certify on March 26, 2012 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on March 26, 2012: **None.**

> s/Michael E. Lang
> Deputy Clerk to
> District Judge Arthur J. Tarnow
> (313) 234-5182