UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BILLSTEIN, SR., ET AL.,                    Case No. 08-13415

                          Plaintiffs,              SENIOR UNITED STATES DISTRICT JUDGE
                                                   ARTHUR J. TARNOW

v.

MARK GOODMAN, ET AL.,

                          Defendants.
_____/

## ORDER SUSTAINING PLAINTIFFS' OBJECTION [511] TO THE MAGISTRATE JUDGE'S ORDER [510] and GRANTING PLAINTIFFS' SECOND MOTION TO SUPPLEMENT [491]

On April 4, 2012, the Magistrate Judge issued an Order [510] denying Plaintiffs' Motion to Supplement Its Prior Pleadings [414]. Before the Court is Plaintiffs' Objection [511] to that order. Defendants did not respond to the Objection.[1]

The standard of review set forth in Federal Rule of Civil Procedure 72(a) governs this nondispositive matter. Fed. R. Civ. P. 72(a). Pursuant to that rule, "The district judge in the case must consider timely objections and modify or set aside any part of the [Magistrate Judge's] order that is clearly erroneous or is contrary to law." *Id.*

Under 28 U.S.C. § 636(b)(1), a magistrate judge's orders shall not be disturbed unless "found to be clearly erroneous or contrary to law." *See United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). The "clearly erroneous" standard requires the Court to affirm the Magistrate's decision unless, after reviewing the entirety of the evidence, it "is left with the definite and firm conviction

_____

[1]Plaintiffs' Objection [511] was filed on April 4, 2012. Under Local Rule 72.1(d)(3), "A person may respond to objections within 14 days of service." LR 72.1(d)(3). Therefore, Defendants' Response [515], which was filed on April 27, 2012 is untimely and will not be considered. Plaintiffs' Reply [518], filed on May 4, 2012, will not be considered either. Even if the Court were to consider the substance of Defendants' Response [515], it would not affect the Court's decision.

that a mistake has been committed." *See Sandles v. U.S. Marshal's Serv.*, 2007 WL 4374077, at *1 (E.D. Mich. 2007) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Federal Rule of Civil Procedure 15 governs supplemental pleadings. Fed. R. Civ. P. 15. It states that:

> On motion and reasonable notice, the court may . . . permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.

*Id.* at 15(d). A motion to supplement the complaint under Rule 15(d) is a matter decided by the Court in its discretion. *Hoffman v. Solis*, 636 F.3d 262, 272 (6th Cir. 2011); *see also Gen. Investment Co. v. Lake Shore & M.S.R. Co.*, 250 F. 160, 177 (6th Cir. 1918).

The Magistrate Judge denied Plaintiffs' Motion to Supplement [414], stating that a supplement would prejudice Defendants and that the alleged actions to be added are not particularly relevant. The Court disagrees.

First, the allegations Plaintiffs seek to add are relevant to the instant litigation. Plaintiffs have alleged shareholder oppression and have argued that the amount of Defendants' 2010 bonuses in comparison to the dividends paid to shareholders is proof of the alleged oppression. This Court has held that whether the bonuses paid to Defendants constitutes shareholder oppression is a fact issue for the jury to decide. *See* Order [454], at 18-19. The bonuses paid in 2010 constitute events or transactions that happened after the 2008 complaint was filed. Plaintiffs are making the identical argument about the 2010 bonuses that they make about the previous bonuses. Plaintiffs argue that the bonuses are evidence of alleged oppression. Therefore, the Court finds they the 2010 bonuses are relevant.

Second, the proposed supplement will not place an unfair burden on Defendants. The Magistrate Judge based the prejudice determination on the following factors: 1) discovery is closed;

2) the dispositive motions have already been decided; 3) trial is set to start next month; and 4) that the supplementation would lead to greater expenditure of time and resources.

It is important to note that the need to supplement the complaint is not due to Plaintiffs' bad faith or unreasonable delay. The bonuses at issue were paid after the complaint was filed. Plaintiffs' Motion to Supplement [414] was filed on May 3, 2011, more than one year ago. Motion [414] was filed more than four months before the Court ruled on the summary judgment motions. *See* Order [454]. Plaintiffs are not at fault for the one year delay between the filing of their motion and the decision on the motion.

Plaintiffs are not requesting a delay in trial, further discovery, or a chance to file more dispositive motions. Therefore, any prejudice to Defendants would be minimal and is outweighed by the interest in judicial economy and convenience that would be promoted by including the proposed allegations in the present litigation. The filing of an almost identical lawsuit, involving identical parties, would be inefficient and more costly for all parties involved. Because the Court finds that the proposed amendment is relevant and will not result in undue prejudice, Plaintiffs' Objection [511] is sustained.

On February 6, 2012, Plaintiffs' filed a Second Motion to Supplement [491], which is also before the Court.[2] Defendants filed a Response [504]. Plaintiffs' filed a Reply [506]. For the same reasons that the Court will allow the inclusion of the 2010 bonus allegations, the Court also allows the inclusion of the 2011 bonus information and allegations.

Accordingly,

---

[2]Plaintiffs' Second Motion [491] is almost identical to the first Motion to Supplement [414]. The Second Motion [491] has to do with the 2011 bonuses. Defendants' argument in response is also almost identical as well.

**IT IS HEREBY ORDERED** that Plaintiffs' Objection [511] is **SUSTAINED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Supplement [414] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Second Motion to Supplement [491] is **GRANTED**.

**SO ORDERED**.

> s/Arthur J. Tarnow
> ARTHUR J. TARNOW
> SENIOR U.S. DISTRICT JUDGE

Dated: May 9, 2012

---

## CERTIFICATE OF SERVICE

I hereby certify on May 9, 2012 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 9, 2012: **None.**

> s/Michael E. Lang
> Deputy Clerk to
> District Judge Arthur J. Tarnow
> (313) 234-5182